# EXHIBIT C



| | | |
|---|---|---|
| **KRIS MAYES**<br>ATTORNEY GENERAL | **OFFICE OF THE ARIZONA ATTORNEY GENERAL**<br>STATE GOVERNMENT DIVISION<br>AGENCY COUNSEL SECTION | **KAREN J. HARTMAN-TELLEZ**<br>SENIOR LITIGATION COUNSEL<br>DIRECT PHONE 602-542-8326<br>KAREN.HARTMAN@AZAG.GOV |

July 31, 2024

VIA EMAIL

Andrew Gould
Holtzman Vogel Baran
Torchinsky & Josefiak PLLC
2555 East Camelback Road, Suite 280
Phoenix, Arizona 85016
agould@holtzmanvogel.com

      Re:    2023 Elections Procedures Manual Canvassing Provision Challenged in *American Encore v. Fontes*, No. CV-24-01673-PHX-MTL

Dear Mr. Gould:

    As you know, I represent Arizona Secretary of State Adrian Fontes in the above-referenced litigation. In that capacity, I write in response to your July 18, 2024 letter addressed to Secretary Fontes.

    First, with respect to your request that Secretary Fontes "unequivocally and specifically disavow all enforcement of" the portion of the provision in Chapter 13, Section III.B(2) of the 2023 Arizona Elections Procedures Manual that you challenged in the *American Encore* case (the "Canvass Provision"), your letter omits and ignores relevant provisions of Arizona law. In particular, on February 9, 2024, the Governor signed H.B. 2785. 2024 Ariz. Sess. Laws ch. 1 (56th Leg. 2d Reg. Sess.). H.B. 2785 amended several provisions of Title 16, article 11 relating to the official canvass of elections. *See id.* at §§ 13-16. As relevant here, it established new deadlines by which county boards of supervisors and the Secretary must carry out their respective nondiscretionary duties to canvass. *See* A.R.S. § 16-642(A); *see also* A.R.S. § 16-648.

    The amendments make clear that a county board of supervisors cannot postpone its canvass. *See* A.R.S. § 16-642(C). And by amending A.R.S. § 16-648 to remove subsection (C), the bill eliminated any allowance for postponement of the state canvass, which the Secretary "shall" complete "on the third Monday following a general election." A.R.S. § 16-648(A). Accordingly, the Secretary has a nondiscretionary statutory duty to canvass without delay, which

July 31, 2024
Page 2

the Canvass Provision reflects.  Your letter in effect asks the Secretary to disavow this nondiscretionary statutory duty, which the Secretary cannot and will not do.

Second, your letter also asks the Secretary to "commit to some other mechanism for ascertaining the vote counts of a county whose results are not certified."  To the extent your letter asks the Secretary to take a position on what the law would permit or require or to commit to taking a specific action in a hypothetical future situation, those issues are not ripe.  The Secretary is unable to take what would be a fact-dependent position based on factual circumstances that are unknown and may never arise.  But to be clear, the Secretary is committed to enfranchising all Arizona voters and intends to use all lawful means to do so as the circumstances require, including seeking judicial remedies if a county fails to timely carry out its duty to canvass.

    Very truly yours,

    /s/ *Karen J. Hartman-Tellez*

    Karen J. Hartman-Tellez