**KRISTIN K. MAYES**
**ATTORNEY GENERAL**
(Firm State Bar No. 14000)

Nathan T. Arrowsmith (No. 031165)
Joshua M. Whitaker (No. 032724)
Luci D. Davis (No. 035347)
Shannon Hawley Mataele (No. 029066)
Office of the Arizona Attorney General
2005 N. Central Avenue
Phoenix, AZ 85004-1592
(602) 542-3333
Nathan.Arrowsmith@azag.gov
Joshua.Whitaker@azag.gov
Luci.Davis@azag.gov
Shannon.Mataele@azag.gov
ACL@azag.gov

*Attorneys for Arizona Attorney General*
*Kristin K. Mayes*

*Additional counsel listed on signature page*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| American Encore, an Arizona non-profit corporation; Karen Glennon, an Arizona individual; America First Policy Institute, a non-profit corporation,<br><br>　　　　　　　Plaintiffs,<br>v.<br><br>Adrian Fontes, in his official capacity as Arizona Secretary of State; Kris Mayes, in her official capacity as Arizona Attorney General; Katie Hobbs, in her official capacity as Governor of Arizona,<br><br>　　　　　　　Defendants. | No. CV-24-01673-PHX-MTL<br><br>**DEFENDANTS' MOTION TO ABSTAIN AS TO COUNT TWO**<br><br>(Hon. Michael T. Liburdi) |

**Summary of Argument and Requested Relief**

Count Two of Plaintiffs' complaint is a federal constitutional challenge to parts of Arizona's 2023 Elections Procedures Manual ("EPM"). The challenge presupposes a broad interpretation of an Arizona statute: A.R.S. § 16-452(C). If that broad interpretation is wrong, Plaintiffs' claim fails.

Defendants disagree with Plaintiffs' broad interpretation of A.R.S. § 16-452(C). The question of whose interpretation is correct is being actively litigated in a parallel state court case, which involves a similar free speech claim and many of the same parties.

The state court case is much farther along than this one. The plaintiffs in that case (represented by the same counsel as Plaintiffs here) filed suit nearly six months ago. Last week, the court heard argument on the plaintiffs' fully briefed motion for a preliminary injunction, as well as the defendants' fully briefed motions to dismiss.

Under principles of federalism and judicial economy, Defendants respectfully submit that it would be appropriate for this Court to abstain from further consideration of the merits of Count Two until the state court proceedings have concluded.

Until the Court decides whether to abstain, Defendants will continue briefing motions related to Count Two, including responding to Plaintiffs' motion for preliminary injunction and filing an upcoming motion to dismiss.

**I.    Relevant Facts**

    **A.    Count Two in this Case**

Count Two of Plaintiffs' complaint argues that Arizona's 2023 EPM criminalizes speech by members of the public. *E.g.*, Doc. 1, ¶ 150 ("The 2023 EPM criminalizes otherwise protected free speech . . . ."), ¶ 154 ("But under the current 2023 EPM, such conduct would be considered criminal. . . .").

This (erroneous) legal conclusion rests on a broad interpretation of A.R.S. § 16-452(C). Here is how Plaintiffs interpret that statute: "*Any violation of a provision* of the EPM *by any person* is a class-two misdemeanor." Doc. 1, ¶ 1 (emphasis added). In other

words, Plaintiffs think the EPM governs and binds every single member of the public, not only election officials.

### B.  Parallel State Case

Defendants disagree with Plaintiffs' broad interpretation of A.R.S. § 16-452(C). And this disagreement is at the heart of a parallel state court case involving a similar claim and similar parties. *See Ariz. Free Enter. Club et al. v. Fontes et al.*, No. CV2024-002760 (Maricopa Cnty. Super. Ct.) (hereafter "State Case").

The plaintiffs in the State Case include the America First Policy Institute, which is also a Plaintiff here. *Compare* State Case, First Am. Compl. (attached here as **Exhibit 1**), *with* Doc. 1. Likewise, counsel for the plaintiffs in the State Case are nearly identical to Plaintiffs' counsel here. *Compare* Ex. 1, *with* Doc. 1.

In the State Case (like here), the plaintiffs argue that the 2023 EPM criminalizes speech by members of the public. *E.g.*, Ex. 1, ¶ 150 ("The 2023 EPM criminalizes otherwise protected free speech . . . ."); ¶ 155 ("But under the current 2023 EPM, such conduct would be considered criminal. . . .").

And in the State Case (like here), the plaintiffs' legal conclusions about the meaning and effect of the 2023 EPM rest on a remarkably broad interpretation of A.R.S. § 16-452(C). For example, the plaintiffs in the State Case argue that a "heated debate about sports with raised voices" is "now a class-two misdemeanor in Arizona if the debate participants happen to be voters." Ex. 1, ¶ 2.

The defendants in the State Case are the Secretary of State and the Attorney General—the same Defendants here. *Compare* Ex. 1, *with* Docs. 1, 25. And the defendants in the State Case have opposed the plaintiffs' broad interpretation of A.R.S. § 16-452(C). For example, the Attorney General explained in her motion to dismiss that the misdemeanor charge in § 16-452(C) applies to election officials for violating certain EPM rules, not to ordinary members of the public for violating the EPM provisions being challenged. *See* State Case, Att'y General's Mot. to Dismiss (attached here as **Exhibit**

2), at 6.  The Attorney General made the same point in her reply.  *See* State Case, Att'y General's Reply in Supp. of Mot. to Dismiss (attached here as **Exhibit 3**), at 4.

The State Case is much farther along than this one.  The plaintiffs' motion for a preliminary injunction as to their free speech claim is fully briefed, as are the defendants' motions to dismiss the free speech claim.  Indeed, last week, the court held an evidentiary hearing on the motion for a preliminary injunction, combined with oral argument on the motions to dismiss.  *See* State Case, Minute Entry dated July 29, 2024 (attached here as **Exhibit 4**).  The court's decision on the preliminary injunction motion is expected soon and will be immediately appealable.  *See* A.R.S. § 12-2101(A)(5)(b).

## II.   Argument

Under these circumstances, the Court should abstain from further consideration of the merits of Count Two until the State Case, including any appellate proceedings, has ended.  This result follows from the doctrine known as *Pullman* abstention, which takes its name from *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496 (1941).

Under *Pullman* abstention, "a federal court may, and ordinarily should, refrain from deciding a case in which state action is challenged in federal court as contrary to the federal constitution if there are unsettled questions of state law that may be dispositive of the case and avoid the need for deciding the constitutional question."  17A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* (hereafter Wright & Miller) § 4242 (3d ed., updated July 12, 2024) (collecting cases).  A "factor that will tip the scales in favor of abstention is if there is already pending a state court action that is likely to resolve the state questions without the delay of having to commence proceedings in state court."  *Id.*  Accordingly, abstention "serves the interests of both federalism and judicial economy."  *Gearing v. City of Half Moon Bay*, 54 F.4th 1144, 1147 (9th Cir. 2022).

In the Ninth Circuit, *Pullman* abstention is appropriate when "(1) the federal constitutional claim 'touches a sensitive area of social policy,' (2) 'constitutional adjudication plainly can be avoided or narrowed by a definitive ruling' by a state court,

and (3) a 'possibly determinative issue of state law is doubtful.'" *Id.* (citation omitted). All three factors are met here.

*First*, Count Two touches a sensitive area of social policy. Plaintiffs are seeking to declare unlawful and enjoin enforcement of parts of Arizona's 2023 EPM, a document that generally guides the functioning of elections in Arizona and is issued by the Secretary of State with approval of the Governor and Attorney General. *See* A.R.S. § 16-452(A), (B). The specific parts of the 2023 EPM at issue involve behavior at voting locations, which is also a sensitive subject. *See, e.g.*, *Ariz. All. for Retired Americans v. Clean Elections USA*, No. CV-22-01823-PHX-MTL, 2022 WL 17088041, at *1 (D. Ariz. Nov. 1, 2022) (entering stipulated temporary restraining order regarding behavior while monitoring ballot drop boxes).

*Second*, the constitutional adjudication requested in Count Two can be avoided or narrowed by a definitive ruling in the State Case. As explained above, Plaintiffs argue that parts of Arizona's 2023 EPM "criminalize" speech by members of the public. This legal conclusion rests on a broad interpretation of A.R.S. § 16-452(C), which Defendants oppose and which is squarely at issue in the State Case.

*Third*, how to interpret A.R.S. § 16-452(C) is doubtful for purposes of *Pullman* abstention. As explained above, the parties in the State Case have offered sharply divergent interpretations of the statute, and the court is expected to rule on the issue soon.

To be sure, federal courts have expressed reluctance to abstain in cases involving free speech claims when doing so would delay a decision on the merits and thus risk chilling speech. *See, e.g.*, *Porter v. Jones*, 319 F.3d 483, 792–93 (9th Cir. 2003). But "there is no absolute rule against abstention in first amendment cases." *Almodovar v. Reiner*, 832 F.2d 1138, 1140 (9th Cir. 1987). And, importantly, such concerns about chilling speech are absent when, as here, a state court case considering similar issues is already well underway. *See, e.g., id.* at 1140–41 ("This case poses few dangers of first amendment chill. The issue can be adjudicated in a single state court proceeding, and the litigants need not undergo the expense or delay of a full state court litigation because other

4

parties are already presenting the issue to the California Supreme Court.  That a pending state court litigation between other parties might resolve the issues presented weighs in favor of abstention."); *Lomma v. Connors*, 539 F. Supp. 3d 1094, 1100–01 (D. Haw. 2021) ("Whether an abstention-related delay may chill First Amendment rights turns on the existence and/or stage of state court proceedings and, at least in part, on the procedural posture of the federal court proceedings.").[1]

Accordingly, this Court should "stay" further proceedings regarding the merits of Count Two "and retain jurisdiction pending the proceedings in the state courts." Wright & Miller § 4243; *see also, e.g.*, *Courtney v. Goltz*, 736 F.3d 1152, 1164 (9th Cir. 2013) (explaining that the proper procedure is to stay and retain jurisdiction, rather than dismiss).

The stay would apply to Plaintiffs' motion for a preliminary injunction as to Count Two (Doc. 14).  However, the stay would not prevent the Court from considering whether Plaintiffs have *standing* for Count Two, which Defendants intend to raise in a motion to dismiss.  This is because standing is an "irreducible constitutional minimum" for federal jurisdiction, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), and "abstention presupposes that jurisdiction exists," Wright & Miller § 4243.

A proposed order is enclosed.  Defendants acknowledge that August 9 is the deadline for filing motions to dismiss and responses to Plaintiffs' preliminary injunction motion(s).  Doc. 20.  Unless the Court orders otherwise, Defendants still intend to meet that deadline, even though granting the present motion to abstain would stay the resolution of Plaintiffs' motion for a preliminary injunction as to Count Two (Doc. 14).

### III.     Effort to Resolve Issue before Filing

On July 30, defense counsel emailed Plaintiffs' counsel and proposed a phone call to discuss the possibility of staying briefing deadlines on Count Two pending the State

---

[1] Moreover, the plaintiffs in the State Case are suing under the Arizona Constitution, which is at least as protective as the First Amendment.  *Coleman v. City of Mesa*, 230 Ariz. 352, 361 ¶ 36 n.5 (2012).

Court proceedings, should Plaintiffs be open to that option. Later that day, Plaintiffs' counsel responded by email and explained that they do not agree to a stay.

RESPECTFULLY SUBMITTED this 5th day of August, 2024.

**KRISTIN K. MAYES**
**ATTORNEY GENERAL**

By /s/ *Joshua M. Whitaker*
    Nathan T. Arrowsmith
    Joshua M. Whitaker
    Luci D. Davis
    Shannon Hawley Mataele
    Office of the Arizona Attorney General
    2005 N. Central Ave.
    Phoenix, Arizona 85004

*Attorneys for Arizona Attorney General Kristin K. Mayes*

By /s/ *Karen J. Hartman-Tellez*
    Kara Karlson
    Karen J. Hartman-Tellez
    Senior Litigation Counsel
    Kyle Cummings
    Assistant Attorney General

*Attorneys for Arizona Secretary of State Adrian Fontes*