**KRISTIN K. MAYES**
**ATTORNEY GENERAL**
(Firm State Bar No. 14000)

Nathan T. Arrowsmith (No. 031165)
Joshua M. Whitaker (No. 032724)
Luci D. Davis (No. 035347)
Office of the Arizona Attorney General
2005 N. Central Avenue
Phoenix, AZ 85004-1592
(602) 542-3333
Nathan.Arrowsmith@azag.gov
Joshua.Whitaker@azag.gov
Luci.Davis@azag.gov
ACL@azag.gov

*Attorneys for Arizona Attorney General Kristin K. Mayes*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| American Encore, an Arizona non-profit corporation; Karen Glennon, an Arizona individual; America First Policy Institute, a non-profit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Adrian Fontes, in his official capacity as Arizona Secretary of State; Kris Mayes, in her official capacity as Arizona Attorney General,<br><br>Defendants. | No. CV-24-01673-PHX-MTL<br><br>**DEFENDANTS' MOTION FOR STAY OF DISTRICT COURT PROCEEDINGS AND DEADLINES PENDING APPEAL** |

1    Defendants respectfully request that the Court stay proceedings and deadlines in this
2    matter pending resolution of Defendants' interlocutory appeal regarding the Court's denial
3    of Defendants' abstention motion and grant of a preliminary injunction.  That appeal is
4    fully briefed and set for argument before the Ninth Circuit.
5        To be clear, Defendants do not seek a stay of the Court's preliminary injunction
6    order—they merely seek to avoid inefficient and (potentially) unnecessary use of public
7    resources by litigating issues in this Court that will very likely be clarified, streamlined, or
8    even resolved as a result of the pending appeal.

## BACKGROUND

Plaintiffs filed their complaint in July 2024.  Doc. 1.  Plaintiffs subsequently filed two motions seeking a preliminary injunction.  Doc. 14 (Count Two); Doc. 26 (Count One). Defendants then filed motions for abstention and to dismiss.  Docs. 27, 31, 33.  In September 2024, this Court heard oral argument on those motions (Doc. 54), and later issued its written order that denied Defendants' motion to abstain, denied in large part the motions to dismiss, and granted both preliminary injunction motions (Doc. 62). Defendants filed their answer in October 2024.  Doc. 63.

Defendants appealed the Court's grant of a preliminary injunction and the denial of their abstention motion.  Doc. 65.  That interlocutory appeal is now fully briefed and has been set for oral argument on July 15, 2025.  Dkt. 034, No. 24-6703 (9th Cir.).

In December 2024, Defendants asked Plaintiffs to stipulate to a stay of district court proceedings until after the publication of the 2025 Elections Procedures Manual, offering in exchange to dismiss their pending appeal of the preliminary injunction.  Defendants made that proposal because the 2025 EPM will likely address some, if not all, of Plaintiffs' concerns in this case, and therefore Defendants sought to avoid unnecessary use of taxpayer and judicial resources.  Plaintiffs refused.

Nonetheless, in the last six months since Defendants filed their answer, Plaintiffs have not taken any action to prosecute their case in this court.  *See generally* Docs. 65-70. On May 1, 2025, Defendants asked Plaintiffs if they would agree to stay proceedings and

deadlines in this court pending resolution of the preliminary injunction appeal. Plaintiffs again refused.

Then, at Defendants' prompting and request, counsel for the parties held a Rule 26(f) conference on May 8, 2025, during which the prospect of a stay was discussed, and Plaintiffs' counsel indicated they would consider the issue. Defendants heard nothing for a week and followed up on May 16, 2025, indicating that they intended to file a motion to stay proceedings and deadlines if the parties were unable to reach an agreement. At Plaintiffs' request, the parties held another meet and confer to discuss a stay on May 19, 2025. Plaintiffs' counsel indicated that Plaintiffs would make a final decision about whether to stipulate to a stay by the end of the week. On May 23, 2025, Plaintiffs' counsel indicated that Plaintiffs "are opposed" to Defendants' stay request.

## LEGAL STANDARD

"Though the Court retains jurisdiction over the rest of the claims [not subject to an interlocutory appeal], a stay pending appeal may nevertheless be warranted. 'A district court has discretionary power to stay proceedings in its own courts.'" *Johnson v. City of Mesa*, No. CV-19-02827-PHX-JAT, 2022 WL 137619, at *1 (D. Ariz. Jan. 14, 2022) (quoting *Lockyer v. Mirant Corp.*, 393 F.3d 1098, 1109 (9th Cir. 2005)); *see also Harrington v. Cracker Barrel Old Country Store Inc.*, 713 F. Supp. 3d 568, 588 (D. Ariz. 2024) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." (quoting *Landis v. N. American Co.*, 299 U.S. 248, 254 (1936))).

Because Defendants seek a stay of proceedings—not a stay of this Court's order or a stay of enforcement of any judgment— *Landis* applies and the test in *Nken v. Holder*, 556 U.S. 418 (2009), for stays of orders is inapplicable. *See Johnson*, 2022 WL 137619 at *2 n.1 (correctly explaining the difference and citing cases); *see also Sweet v. City of Mesa*, No. CV-17-00152-PHX-GMS, 2022 WL 912561, at *2-3 (D. Ariz. Mar. 29, 2022) ("Here, the purpose of a stay would not be to prevent an order of the Court from coming

into effect pending appellate resolution, but rather to prevent proceedings in this case from continuing to trial. Therefore, *Landis* is the appropriate test to determine whether a stay is warranted." (discussing *Johnson* and differences between the two tests)).

"Judicial discretion in exercising a stay is guided by the *Landis* factors," which are "(1) 'the possible damage which may result from the granting of a stay,' (2) 'the hardship or inequity which a party may suffer [if the case is allowed] to go forward,' and (3) 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" *Johnson*, 2022 WL 137619 at *2 (quoting *Lockyer*, 393 F.3d at 1110); *see also Kruglov v. Karlinsey*, No. CV-22-00325-TUC-JCH (EJM), 2022 WL 17824289, at *1 (D. Ariz. Dec. 5, 2022) (citing three *Landis* factors).

## ARGUMENT

The *Landis* factors firmly support granting a stay of proceedings pending appeal.

**I.  A stay of proceedings while Defendants' appeal is pending will cause no damage.**

A temporary stay of district court proceedings pending resolution of Defendants' interlocutory appeal will cause no damage and will not harm Plaintiffs in any way. Plaintiffs have received full preliminary relief, not only in this Court pursuant to their federal claims, but also in the parallel state court litigation, which includes one of the same plaintiffs, the same counsel, and identical legal theories under state law.

In other words, Plaintiffs have two layers of judicial coverage preventing the harms they purport to fear—one under state law and one under federal law—on top of the initial disavowal that Defendants have repeatedly offered. Those preliminary injunctions will remain in place while Defendants' interlocutory appeal is pending, and potentially for the full duration of the two cases, and therefore Plaintiffs have no need to rush through discovery and motion practice in this matter.

Plaintiffs have taken almost no action to prosecute their case here for the last six months. Indeed, Plaintiffs only agreed to hold a Rule 26(f) conference after Defendants

notified Plaintiffs that they would seek relief from the Court if Plaintiffs continued to avoid prosecuting their case; that history, along with the relatively slow pace of Plaintiffs' communications, underscore the reality that there is no urgency whatsoever.

**II.  Allowing the case to proceed pending appeal will cause unnecessary hardship for Defendants and inefficient use of strained public resources.**

By contrast, Defendants are public officials with limited resources, a significant portion of which has already been spent litigating the two parallel cases Plaintiffs and their counsel brought in this Court and state court. There is little reason to engage in discovery and motion practice here, when those efforts could be rendered moot or helpfully streamlined by the Ninth Circuit's decision. At the same time, such inefficiency and likely duplication will come at a meaningful cost for Defendants and will put an unnecessary strain on judicial resources.

**III.  The orderly course of justice supports granting a stay.**

The orderly course of justice otherwise supports granting a stay. To start, although Defendants believe their motions to abstain or dismiss should have been granted, Defendants have nonetheless answered the complaint, and plainly are not seeking a stay to delay and avoid that obligation.

Further, and importantly, Defendants' appeal of the preliminary injunction raises purely legal issues regarding Plaintiffs' standing and interpretive theories that could be case-dispositive here. Awaiting the Ninth Circuit's ruling could entirely moot or otherwise resolve this case.

Under the circumstances here—the preliminary relief already in place, and the relationship between the interlocutory appeal and the rest of the case—justice and plain common-sense counsel in favor of staying this Court's proceedings and deadlines to save judicial and taxpayer resources, rather than continuing to litigate inefficiently and unnecessarily. *Cf. Johnson*, 2022 WL 137619, at *3 ("Here, the Court finds that a stay would be the most efficient and fairest course as there are independent proceedings which bear upon the case." (cleaned up)).

# CONCLUSION

For these reasons, Defendants respectfully ask the Court to stay all proceedings and deadlines in this matter pending the Ninth Circuit's resolution of Defendants' appeal.

RESPECTFULLY SUBMITTED this 27th day of May, 2025.

**KRISTIN K. MAYES**
**ATTORNEY GENERAL**

By /s/ Nathan T. Arrowsmith
  Nathan T. Arrowsmith
  Joshua M. Whitaker
  Luci D. Davis
  Office of the Arizona Attorney General
  2005 N. Central Ave.
  Phoenix, Arizona 85004
  Nathan.Arrowsmith@azag.gov
  Joshua.Whitaker@azag.gov
  Luci.Davis@azag.gov
  ACL@azag.gov

*Attorneys for Arizona Attorney General*
  *Kristin K. Mayes*

By /s/ Karen J. Hartman-Tellez (w/ permission)
  Kara Karlson
  Karen J. Hartman-Tellez
  Kyle Cummings
  2005 North Central Avenue
  Phoenix, AZ 85004-1592
  Telephone (602) 542-8323
  Facsimile (602) 542-4385
  Kara.Karlson@azag.gov
  Karen.Hartman@azag.gov
  Kyle.Cummings@azag.gov

*Attorneys for Arizona Secretary of State*
*Adrian Fontes*