**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| American Encore, et al., | No. CV-24-01673-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Adrian Fontes, et al., | |
| Defendants. | |

Before the Court is Defendants' Motion to Stay Proceedings Pending Appeal. (Doc. 73.) The motion is fully briefed. (Docs. 74, 75.) For the following reasons, the Court will grant the motion.

**I.   BACKGROUND**

On September 27, 2024, this Court denied Defendants' motion to abstain, denied in part Defendants' motions to dismiss, and granted Plaintiffs' motions for a preliminary injunction. (Doc. 62.) Defendants appealed that order to the Ninth Circuit Court of Appeals. The appeal is now fully briefed and set for oral argument on July 15, 2025.

Defendants filed the now-pending motion to stay proceedings pending appeal. (Doc. 73.) They argue a stay is warranted pursuant to *Landis v. North American Co.*, 299 U.S. 248 (1936). (*Id.*) Plaintiffs oppose the motion and contend Defendants will not experience any hardship in moving forward with discovery. (Doc. 74.)

**II.  LEGAL STANDARD**

Whether to stay proceedings pending appeal is a matter within the discretion of the

district court. *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007); *see Landis*, 299 U.S. at 254 (explaining that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). The *Landis* factors guide the exercise of judicial discretion and assess: (1) the possible damage of granting the stay; (2) the hardship or inequity on the movant by not granting the stay; and (3) the orderly course of justice. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

This Court is also guided by the "divestiture rule" pronounced in *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Therein, the United States Supreme Court explained that an interlocutory appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs*, 459 U.S. at 58. The principle outlined in *Griggs* is a judge-made rule intended to "promote judicial economy and avoid the confusion that would ensue from having the same issues before two courts simultaneously." *Nat. Res. Def. Council, Inc. v. Sw. Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001).[*]

### III. DISCUSSION

#### A. Balance of Hardships

Under the first two *Landis* factors, "the Court must balance the hardships of the parties if the action is stayed or if the litigation proceeds." *Calvillo Manriquez v. DeVos*, No. 17-CV-07210-SK, 2018 WL 5316174, at *2 (N.D. Cal. Aug. 30, 2018).

Plaintiffs argue that "[a] stay of proceedings will damage [their] ability to prosecute their case" and delay a ruling on a motion for summary judgment and permanent injunction. (Doc. 74 at 4.) Citing concern over the Ninth Circuit's "long, open-ended timeline" for issuing a decision, Plaintiffs further contend "it is unlikely that there will be a ruling from

---

[*] Although "*Griggs* referred to the 'divestiture rule' as jurisdictional, the Supreme Court has since made clear that '[o]nly Congress may determine a lower federal court's subject-matter jurisdiction.'" *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 790 (9th Cir. 2018) (citation omitted). Therefore, the divestiture rule of *Griggs* is not a "true jurisdictional rule[ ]" and can be applied in a "'less stern' manner." *Id.* (citation omitted).

- 2 -

the Ninth Circuit prior to the promulgation and adoption of the 2026 EPM." (*Id.* at 4-5.) The Court is not persuaded. Plaintiffs have received preliminary relief in this Court and in parallel state court proceedings. (*See* Doc. 62; Doc. 32-1.) The existing preliminary injunction will remain in place during a stay and adequately protect Plaintiffs' interests. *See Kuang v. United States Dep't of Def.*, No. 18-CV-03698-JST, 2019 WL 1597495, at *4 (N.D. Cal. Apr. 15, 2019) (finding enforcement of the preliminary injunction during the stay "weighs against a finding of harm to Plaintiffs").

On Defendants' side of the hardship scale, they contend hardship will result if required to litigate before this Court while awaiting a decision from the Ninth Circuit that could effectively moot several issues in the case. (Doc. 73 at 5.) Generally, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112 (quoting *Landis*, 299 U.S. at 255). And yet, requiring parties to conduct "'substantial, unrecoverable, and wasteful' discovery and pretrial motions practice on matters that could be mooted by a pending appeal may amount to hardship or inequity sufficient to justify a stay." *Finder v. Leprino Foods Co.*, No. 1:13-CV-02059-AWI-BAM, 2017 WL 1355104, at *4 (E.D. Cal. Jan. 20, 2017) (quoting *Pena v. Taylor Farms Pac., Inc.*, No. 2:13-CV-01282-KJM-AC, 2015 WL 5103157, at *4 (E.D. Cal. Aug. 31, 2015)).

The pending appeal challenges whether Plaintiffs have standing, whether this Court should have abstained, and whether Plaintiffs demonstrated they were entitled to preliminary relief. The Ninth Circuit's resolution of the appeal is binding on this Court and will clarify many of the outstanding issues before the parties proceed further in this case. Requiring the parties to expend considerable resources and incur potentially unnecessary litigation costs awaiting a binding decision would result in hardship. Therefore, the Court finds that the balance of hardships tips in favor of Defendants.

**B.      Orderly Course of Justice**

The Court must also consider whether a stay accords with the "orderly course of justice." *Lockyer*, 398 F.3d at 1110 (citation omitted). On the one hand, the Ninth Circuit

has discouraged courts from staying proceedings pending an interlocutory appeal of a preliminary injunction because the interim ruling "may provide little guidance as to the appropriate disposition on the merits." *California v. Azar*, 911 F.3d 558, 583-84 (9th Cir. 2018) (citation omitted); *see also Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982) (explaining that "an appeal from an interlocutory order does not stay the proceedings" and "does not divest the trial court of jurisdiction to continue with other phases of the case").

Those concerns, however, are not present here. Both parties recognize that the dispute is primarily legal and unlikely to require copious amounts of discovery. (Doc. 73 at 5; Doc. 74 at 3.) Further, staying proceedings will promote judicial economy given the substantial overlap of legal issues. The issues on appeal will likely require the Ninth Circuit to resolve the parties' diverging legal interpretations of the challenged provisions, and that decision will greatly impact the scope and direction of this case. Because the legal issues in this case are inextricably intertwined with those in the appeal, the third *Landis* factor supports the imposition of a stay. *See Safari Club Int'l v. Bonta*, No. 2:22-CV-01395-DAD-JDP, 2023 WL 3505373, at *1 (E.D. Cal. May 17, 2023) (granting stay where the interlocutory appeal of the court's denial of the preliminary injunction "contained all of the substantive legal issues in dispute in this litigation").

### C. The *Griggs* Principle

Although not raised by the parties, the Court finds that the *Griggs* divestiture rule also supports a stay. *Griggs* recognized that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." 459 U.S. at 58. And in some instances, "the entire case is essentially 'involved in the appeal,'"—meaning all proceedings at the district court should be stayed pending resolution of the appeal. *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 741 (2023) (citing *Griggs*, 459 U.S. at 58).

As previously noted, most—if not all—of the substantive legal issues in this case

are implicated in the pending interlocutory appeal. The Ninth Circuit could disagree with this Court's findings in the appealed preliminary injunction order. And this Court is bound by whatever the Ninth Circuit decides. Staying the case when many substantive issues overlap will promote efficiency and reduce the risk of confusion from potentially inconsistent judgments.

## IV.   CONCLUSION

On balance, the Court finds that the *Landis* factors support granting Defendants' request for a stay. Any harm to Plaintiffs in delaying resolution of the case is outweighed by the risk of inconsistent judgments and unnecessary waste of judicial, public, and private resources. The *Griggs* principle also counsels in favor of staying this case, as many of the outstanding legal issues overlap with those presented in the interlocutory appeal.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Stay Proceedings (Doc. 73) is granted.

**IT IS FURTHER ORDERED** that all proceedings and deadlines in this action are stayed pending a final decision and mandate by the Ninth Circuit Court of Appeals on Defendants' interlocutory appeal.

**IT IS FINALLY ORDERED** that within fourteen (14) days of the Ninth Circuit's mandate, the parties shall file a joint status report on the Ninth Circuit's decision and whether a Rule 26(f) scheduling conference must be set.

Dated this 26th day of June, 2025.

Michael T. Liburdi
United States District Judge